Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **IN RE:** | **CASE: 23-21452** |
| Matthew Allen Rupert | **CHAPTER 13** |
| **Debtor** | **Hon. KEVIN R. ANDERSON** |
| | Confirmation Hearing: 6/29/23  10:00 am |

### TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

   1. The Debtor filed a Chapter 13 petition for relief on April 17, 2023 and the First Meeting of Creditors under section 341 was held on May 25, 2023.

   2.  The Debtor(s) failed to produce at the 341 Meeting statements from their Mountain America Credit Union financial account(s) for the period that covers the petition date (see Fed. R. Bankr. P. 4002(b)(2)(B)).

3. The Trustee hereby makes a motion to dismiss under LR 2083-1(g) for failure to turnover the following documents: Bank statements. The Trustee will seek dismissal at the confirmation hearing set for June 29, 2023, unless the missing documents are provided no later than 14 days prior to the confirmation hearing, or an objection to dismissal is filed.

4. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims: RC Willey.

5. Schedule I lists a voluntary, monthly contribution from a third-party. The Debtor(s) should file with the Court an affidavit signed by such third-party stating that the third-party has the means and the intent to make such contributions on a monthly basis during the term of the Debtor(s)' Chapter 13 Plan.

6. Schedule G fails to list a complete mailing address for the following creditor(s): Clearfield Aquatic Center.

7. The Debtor(s) must amend plan to include the checkbox at 1.3 Nonstandard provisions, set out in Part 8.1 to reflect **Included.**

8. The Debtor(s) propose to treat a creditor in Part 5.2 or 5.3 of the Plan. The Debtor(s) must establish that the separate classification does not unfairly discriminate against similarly situated creditors by a separate filed pleading. See 11 USC 1322(b)(1) and Local Rule 2083-2(m)(4).

9. The Debtor(s) are proposing that payments to Clearfield Aquatic Center for a gym membership be disbursed by the Trustee in Part 6.1 of the Plan. The Plan should be amended to indicate payments will be made by the Debtor.

10. The Debtor(s) have failed to list on Schedule J a monthly expense for gym membership to Clearfield Aquatic Center.

11. The Debtor(s) have failed to include in paragraph 8.1 of the plan the creditor(s) who will receive Adequate Protection Payments.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtor is unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: May 30, 2023             <u>MaryAnn Bride</u>
                                Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on May 31, 2023:

Matthew Allen Rupert, 2402 W 1800 N, Clinton, UT  84015

TYLER J. JENSEN, ESQ., ECF Notification

<u>/s/ Helen Doherty</u>