Fill in this information to identify your case:

Debtor 1: **Matthew Allen Rupert**
First Name    Middle Name    Last Name

Debtor 2 (Spouse, if filing):
First Name    Middle Name    Last Name

United States Bankruptcy Court for the: **DISTRICT OF UTAH**

Case number: **23-21452**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| --- | --- | --- | --- |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1    Debtor(s) will make regular payments to the trustee as follows:

$400.00 per **Month** for **4** months
$1,500.00 per **Month** for **56** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2    Regular payments to the trustee will be made from future income in the following manner.

Check all that apply:
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
Check one.
☑ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | Matthew Allen Rupert | Case number | 23-21452 |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
  *Check one.*
  ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $85,600.00.

**Part 3:   Treatment of Secured Claims**

3.1   Maintenance of payments and cure of default, if any.

  *Check one.*
  ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
  ☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| M & T Bank | 2402 W 1800 N Clinton, UT 84015  Davis County | $1,776.20<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition: $755.20 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

  ☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3   Secured claims excluded from 11 U.S.C. § 506.

  *Check one.*
  ☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
  ☑ The claims listed below were either:

  (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

  (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

  These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only

Debtor    **Matthew Allen Rupert**    Case number    **23-21452**

payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Ally Financial, Inc | 2018 Hyundai Sonata | $25,450.16 | 10.00% | $1,040.86<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $17,694.57 |
| RC Willey Home Furnishings | Beds(200)Bedding(50)Dressers(50) | $216.51 | 6.00% | $13.38<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $227.42 |

*Insert additional claims as needed.*

3.4   Lien avoidance.

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5   Surrender of collateral.

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:   Treatment of Fees and Priority Claims**

4.1   General
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2   **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total **$8,560.00**.

4.3   Attorney's fees.

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,500.00**.

4.4   **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐   **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑   The debtor(s) estimate the total amount of other priority claims to be **$9,507.15**

4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:   Treatment of Nonpriority Unsecured Claims**

5.1   Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $         .
☑   **100**  % of the total amount of these claims, an estimated payment of $ **300.00**   .

Debtor    **Matthew Allen Rupert**          Case number    **23-21452**

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **2,972.25**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| EdFinancial Srvs | $300.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | $0.00 |
| EdFinancial Srvs | $5.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | $0.00 |

*Insert additional claims as needed.*

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1**    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| Clearfield Aquatic Center | Gym Membership | $44.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | | $0.00 |

*Insert additional contracts or leases as needed.*

## Part 7: Vesting of Property of the Estate

**7.1**    Property of the estate will vest in the debtor(s) upon
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

Official Form 113          Chapter 13 Plan          Page 4

| Debtor | Matthew Allen Rupert | Case number | 23-21452 |
|---|---|---|---|

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

1) Adequate Protection Payments shall be paid to the creditors listed in Section 3.2 and Section 3.3 above, if any, in accordance with Local Rule 2083-2(f)(1).

**Ally Financial - 2018 Hyundai Sonata**

(2) Applicable Commitment Period. The applicable commitment period for the Plan is 36 months.

(3) Direct Payment of Claims. If the debtor elects to pay a claim directly and that clam is no one which the Plan allows to be paid directly, the direct payment designation will be listed below as a nonstandard provision. For all claims that debtor elects to pay directly. Local Ruler 2083-2(i)(4) applies.

Claims to be paid Directly: **ED Financial Services**

(4) Third-Party Payment of Claims. If the Plan provides that a nondebtor shall pay a claim directly, the third-party payment designation will be listed below as a nonstandard provision. For all claims the Plan provides will be paid by a thirdparty, Local Ruler 2083-2(k)(1) may apply. Upon request, the debtor must furnish the name and contact information for the third-party payor.

Claims to Be Paid by a Third Party:

(5) Lien Avoidance Under § 522(f). If the debtor moves to avoid a lien under § 522(f). Local Rule 2083-2(j) applies.

(6) Interest on Oversecured Claims. If the debtor proposes to pay an oversecured claim a nonstandard rate of interest of interest accuring prior to confirmation of the Plan, such nonstandard treatment must be specifically stated below, including the identity of the Secured creditor and the proposed interest rate accrual.

Claims to be paid interest on Oversecured Claims:

(7) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference of the Plan.
(8) Any Order confirming this Plan shall constitute binding determination that the Debtors have timely filed all of the information required by 11 U.S.C § 521(a)(1).
(9) Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full as part of Class 5 as set forth in Local Rule 2083-2( e), with interest as set forth in the proof of claim or at 0% per annum if no interest rate is specified.

(10) Option One Tax Language (See Paragraph 2.3 for applicability):

The following tax years are proposed to be contributed [2022-2025]. On or before April 30 of each applicable year, debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. Any required tax refund contributions shall be paid to the Trustee no later than June 30 of the year the applicable return is filed.

The Debtors are authorized to retain any Earned Income Credit and/or Additional Child Tax Credit as they are excluded from the disposable income analysis under 1325(b)(1) as being necessary for maintenance and support of the Debtors.

The Debtors shall contribute any refund attributable to over-withholding of income tax that exceeds $1,000. However, debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority.  Tax refunds paid into the plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) or sixty (60) Plan Payments plus all annual tax refunds required to be paid into the plan.

| Debtor | **Matthew Allen Rupert** | Case number | **23-21452** |
|---|---|---|---|

For the first tax year contribution [2022], the Trustee will determine if the section 1325(a)(4) best interest of creditors test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount. If a pot to unsecured creditors is required, the Debtor(s) will have thirty (30) days from receipt of such calculation to file a motion to modify the plan to provide for the required return to unsecured creditors or to stipulate to an order modifying the plan, which order will be prepared by the Trustee. The Debtor(s) must satisfy plan feasibility through either increased monthly plan payments or the turnover of a lump sum contribution of the current tax refund. If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay it immediately to unsecured creditors, but instead shall disburse such lump sum contribution in accordance with the Order of Distribution set forth in Local Rule 2083-2(e). If the Debtor(s) fail to file a motion to modify, the Trustee will move to dismiss the Debtor(s)' case. The Debtor shall contribute any refund attributable to overwithholding of wages that exceeds $1,000.

### Part 9:    Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Matthew Allen Rupert**
**Matthew Allen Rupert**
Signature of Debtor 1

Executed on    **June 2, 2023**

X    **/s/ Tyler J. Jensen**
**Tyler J. Jensen**
Signature of Attorney for Debtor(s)

X    _____
Signature of Debtor 2

Executed on    _____

Date    **June 2, 2023**

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Debtor **Matthew Allen Rupert** Case number **23-21452**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $0.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $17,921.99 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $18,067.15 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $49,610.86 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | **$85,600.00** |

```
Label Matrix for local noticing          Ally Bank c/o AIS Portfolio Services, LLC    Ally Financial
1088-2                                    4515 N. Santa Fe Ave. Dept. APS              c/o AIS Portfolio Services LLP
Case 23-21452                             Oklahoma City, OK 73118-7901                 4515 N. Santa Fe Ave.
District of Utah                                                                       Oklahoma City, OK 73118-7901
Salt Lake City
Fri Jun  2 09:17:54 MDT 2023

Ally Financial, Inc                       Jesse A.P. Baker                             Barlow Heating & Air
Attn: Bankruptcy                          Aldridge Pite, LLP                           PO Box 208010
500 Woodard Ave                           8880 Rio San Diego Drive                     Dallas, TX 75320-8010
Detroit, MI 48226-3416                    Ste 725
                                          San Diego, CA 92108-1619


Brand Source/Citi Bank                    Capital One                                  Capital One N.A.
Attn: Citcorp Centralized Bankruptcy      Attn: Bankruptcy                             by American InfoSource as agent
Po Box 790040                             Po Box 30285                                 PO Box 71083
St Louis, MO 63179-0040                   Salt Lake City, UT 84130-0285                Charlotte, NC 28272-1083


Certified Disaster Services               Citibank/Best Buy                            P. Matthew Cox
2675 S Industrial Dr.                     Citicorp Cr Srvs/Centralized Bankruptcy      Snow Christensen & Martineau
Ogden, UT 84401-3272                      Po Box 790040                                10 Exchange Place, 11th Floor
                                          St Louis, MO 63179-0040                      P.O. Box 45000
                                                                                       Salt Lake City, UT 84145-5000


Deseret First Credit Union                EdFinancial Srvs                             First Premier Bank
Attn: Bankruptcy                          Attn: Bankruptcy                             Attn: Bankruptcy
3999 W Parkway Blvd                       Po Box 36008                                 Po Box 5524
West Valley City, UT 84120-6480           Knoxville, TN 37930-6008                     Sioux Falls, SD 57117-5524


Great American Finace                     Internal Revenue Services                    Lon Jenkins tr
Attn: Bankruptcy                          Centralized Insolvency operation             Ch. 13 Trustee's Office
20 N Wacker Dr Suite 2275                 PO Box 7346                                  465 South 400 East
Chicago, IL 60606-3096                    Philadelphia, PA 19101-7346                  Suite 200
                                                                                       Salt Lake City, UT 84111-3345


Tyler J. Jensen                           Lakeview Loan Servicing, LLC                 (p)M&T BANK
LeBaron & Jensen, P.C.                    c/o M&T Bank                                 LEGAL DOCUMENT PROCESSING
1241 North Main St.                       PO Box 840                                   626 COMMERCE DRIVE
Suite 200                                 Buffalo, NY 14240-0840                       AMHERST NY 14228-2307
Layton, UT 84041-4859


M&T Bank                                  Mountain America Credit Union                (p)RC WILLEY HOME FURNISHINGS  INC
c/o ALDRIDGE PITE, LLP                    Attn: Bankruptcy                             ATTN ATTN BANKRUPTCY DEPARTMENT
8880 Rio San Diego Drive, Suite 725       P.O. Box 2331                                PO BOX 65320
San Diego, CA 92108-1619                  Sandy, UT 84091-2331                         SALT LAKE CITY UT 84165-0320


Matthew Allen Rupert                      US Department of Education                   United States Trustee
2402 W 1800 N                             120 N Seven Oaks Drive                       Washington Federal Bank Bldg.
Clinton, UT 84015-7998                    Knoxville, TN 37922-2359                     405 South Main Street
                                                                                       Suite 300
                                                                                       Salt Lake City, UT 84111-3402


University Federal Credit Union           Utah State Tax Commission                    Utah State Tax Commission
Attn: Bankruptcy                          Attn Bankruptcy Unit                         Taxpayer Services Division,
Po Box 58025                              210 North 1950 West                          210 N 1950 W
Salt Lake City, UT 84158-0025             Salt Lake City, UT 84134-9000                Salt Lake City, UT 84134-0700
```

Aaron M. Waite
Office of Utah Attorney General
160 E 300 S, Fifth Floor
Salt Lake City, UT 84114

Wells Fargo Bank, N.A.
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Jewelry Advantage
Attn: Bankruptcy
Po Box 10438
Des Moines, IA 50306-0438


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

M & T Bank
Attn: Bankruptcy
Po Box 844
Buffalo, NY 14240

RC Willey Financial Services
Attn: Bankruptcy
PO Box 65320
Salt Lake City, UT 84165-0320


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Ally Bank

(u)Clearfield Aquatic Center

(u)M&T Bank

(u)Mountain America Fcu

End of Label Matrix
Mailable recipients   32
Bypassed recipients    4
Total                 36